G. M. G. REALTY COMPANY, INC., Landlord, *v.* ROSE SPRING et al., Tenants, and WILLIAM SPERLING, Undertenant.

Municipal Court of the City of New York, Borough of Brooklyn, March 24, 1948.

*Benjamin Schaffer* for landlord.

*Henry G. Singer* for tenant.

BREITBART, J. This is a summary proceeding for nonpayment of rent, commenced by the landlord against the tenant. The petition alleges that the tenant occupies the apartment of three rooms at No. 1 Parade Palace, in the borough of Brooklyn, city

of New York; that the tenant, by agreement, undertook and promised to pay to the landlord the sum of $40 per month, payable monthly, in advance, on the fifteenth day of each month, for the use and occupation of said premises; that, thereafter, the office of rent control increased said rent to $48.75 per month, effective on November 20, 1947; and that on February 15, 1948, there was due to the landlord the sum of $146.25 for the months of December, 1947, and for January and February, 1948. The landlord prays for a final order awarding him possession of the said premises and for a warrant to remove the said tenant.

At the trial, it was conceded that the members of the family in that apartment consisted of Rose Spring, a widow, her daughter and son-in-law, Mr. and Mrs. William Sperling, and their two infant children, one approximately two years of age, and another child, Sarabelle, eight or nine months of age; that William Sperling is an honorably discharged war veteran from the United States Navy, and that, being unable to find an apartment, he came to live with his mother-in-law in the said apartment.

At the trial, the landlord offered into evidence an order, effective November 20, 1947, issued by the Housing Expediter, fixing the rental of the apartment at $42.75 per month, " plus $6 per month for additional five, six or seven occupants ". It was stipulated that this order was superseded on the same date by a corrected order, the salient excerpt of which reads as follows: " Therefore, it is ordered that the maximum rent for the above-described accommodations be, and it hereby is, changed from $40 per month to $42.75 per month, plus $2 per month for each occupant in excess of four occupants ".

This order was issued under subparagraph (ii) of paragraph (8) of subdivision (a) of section 5 of the Controlled Housing Rent Regulation (12 Federal Register 4295, 4299) which permits an increase in rent where there has been a substantial increase in the number of occupants in excess of the normal occupancy for this class of accommodations. The rent director decided that the normal occupancy for this type of accommodation is three people and that more than four occupants for a three-room apartment would constitute excess occupancy.

The court is mindful that it has no power to go behind this order and is bound to accept it. The court does not impute bad faith to the Housing Expediter or desire to be critical of him in the issuance of this order. In this area, he has done a commendable job in administering the regulations justly and equitably, but the court is called upon to legalistically interpret the

meaning of " occupant "; and, if the court differs with the Housing Expediter as to such meaning, he is only motivated by sincere and honest conviction.

The question, therefore, posed for determination by this court is this: Is an infant child, eight or nine months old — a member and an integral part of a family—an occupant, within the meaning of the law, so as to justify a landlord in imposing on the tenant additional rent because of its presence in a housing accommodation?

An " occupant " has been judicially defined as one who occupies or takes possession; one who has the actual use or possesssion, or is in possession of, a thing. Generally, the words " possession and occupation " are used synonymously with reference to land, leases, tenancies and like incidents. An " occupant " has also been defined as one who holds possession and exercises dominion over it.

A " family " has been defined as a group of persons consisting of parents and their children. The definition of " occupant " as it appears in the laws of the State of New York, negatives the possibility that an infant eight months old can be declared to be an occupant. For example, under subdivision 5 of section 4 of the Multiple Dwelling Law of the State of New York, the following appears: " A ' family ' is either a person occupying a dwelling and maintaining a household, with not more than four boarders, roomers or lodgers, or two or more persons occupying a dwelling, living together and maintaining a common household, with not more than four boarders, roomers or lodgers. A ' boarder ', ' roomer ' or ' lodger ' residing with a family shall mean a person living within the household who pays a consideration for such residence and does not occupy such space within the household as an incident of employment therein."

The court is therefore of the opinion that a child eight or nine months old is not an " occupant " within the meaning of the law, and that such child, at best, is a member of a family unit, and the parents of such child are the occupants.

It cannot be said that a baby eight months old has the actual use or possession of a thing; that it exercises any dominion or authority over it, or subjects the apartment to its will, control, or use. A child of this tender age depends for its very life and existence upon its parents. To survive, it relies for its nurture and sustenance upon the parents.

To hold that a child is an " occupant " may lead to absurd results. An unborn child has a legal existence as well as a physical existence, and it might be contended that an unborn child is an additional occupant of a dwelling accommodation,

and a landlord might ask, in such circumstances, for additional rent, based upon a prospective increase in a family.

In a booklet entitled " Questions and answers on Federal Rent Control " issued by the Office of Price Administration in 1945, there appears the following question and answer: " No. 34-Q. When the tenant moved in, there were three people in the family and now they have a baby in addition. Can I collect more rent? A. Generally, no."

The court is also of the opinion that a landlord who rents an apartment to a married couple assumes the risk, if any there be, that such married couple, in their normal relationship as husband and wife, will procreate. The birth of children to such married couple was within the contemplation of the parties at the time the rental agreement was entered into, and, in the absence of any special agreement to that effect at the time of such rental, the landlord should be barred from receiving additional rental because of the birth of a child.

It is well known that the income of the majority of the people of our country is in the low income brackets, and we recognize that we are in the grip of an inflationary situation and if it should be determined that a child eight or nine months old is an occupant, and that, as a result, additional rent may be exacted from its parents, social, humane and economic problems may arise therefrom.

It may lead to the prevention of conception and drastically reduce procreation and it will, therefore, foster and encourage birth control, which is a violation of the law of God and nature. It would set at naught the sublime and eternal laws of the Deity as taught by the Judea-Christian religion in regard to the sanctity of married life.

Life must go on, and, with it, in changing times, normal additions to society can stem only from the normal reproductive process, which is a basic function of married and marital existence.

The tenant, having established, from a strictly legalistic concept, that this infant child is not an " occupant " within the meaning of the law, and having further shown that the normal and orderly construction of the regulation and the order of the office of rent control, precludes any possibility that this infant child might be included within the meaning of the word or designation " occupant " as set forth herein, the court, therefore, determines and decides that the landlord is not entitled to any additional monthly rent for the infant child herein and awards judgment in favor of the tenant, dismissing the petition on the merits.