(No. 7040—Decided March 26, 1963.)

*Mr. Bernard T. Chupka* and *Mr. Robert M. Duncan*, for appellee.

*Mr. James C. Britt* and *Mr. Edwin M. Tuttle*, for appellant.

Duffy, P. J. The defendant, appellant herein, was found guilty by a jury of operating a motor vehicle while under the influence of alcohol. From a judgment entered on the verdict, she has appealed her conviction and sentence.

The defendant has made four assignments of error. The first assignment concerns the overruling of her motion to require the prosecution to furnish evidence of body fluids for examination by her expert witnesses. There is no evidence in the file indicating that the evidence was in the hands of the prosecution at the time the motion was made to require the production of the evidence, and the first assignment of error will be overruled.

The second assignment of error will also be overruled as it concerns the motion to suppress the evidence of the expert based on his examination of the body fluids taken from the defendant,

and which she sought the production of through the motion mentioned in the first assignment of error.

The third and fourth assignments of error concern the overruling of objections to questions propounded by the prosecution in regard to whether the defendant had been convicted of drunkenness on four previous occasions. The record does indicate that the prosecution asked the defendant whether she had pleaded guilty to a charge of operating a motor vehicle while under the influence of alcohol on May 20, 1961, and she replied in the affirmative. The prosecution then asked whether she drank very often, and she replied "no." The prosecution then asked, "Isn't it a fact that you have been convicted four times for being intoxicated?" Over objection and after the jury was instructed that the answer as to previous convictions for intoxication could be considered only for the purpose of testing the credibility of the witness and for no other purpose, she was allowed to answer. Her answer was "no." Then the attorney for the defendant, in addition to making the objection, asked the trial court to declare a mistrial for the reason that the question was highly prejudicial and improper under the circumstances in the case. When the prosecution failed to prove that the defendant had been convicted of intoxication on four previous occasions and failed to offer any other evidence bearing on her alleged convictions, the motion for a mistrial was renewed and was overruled by the court.

The defendant refers the court to the case of *Wagner* v. *State*, 115 Ohio St., 136, in support of her contention that such procedure on the part of the prosecution in the cross-examination of a defendant is wholly unfair and highly prejudicial to the accused. The *Wagner case* involved a question concerning the indictment for crimes rather than the conviction for crimes as in this case.

The Supreme Court of Ohio in the case of *State* v. *Witsel*, 144 Ohio St., 190, considered a question similar to that which we find in the instant case. The court said that such questions asked by the prosecution should not be considered without follow-up testimony on the part of the state to substantiate the imputations cast upon the defendant on the witness stand. The court did recognize that the trial judge could give a proper instruction to the jury which would remove the error. There the

court told the jury that they could not consider such questions in their deliberations, nor could they draw any inference by reason of the questions having been asked. In the present case the court did not so instruct the jury.

The question was initially proper under the case of *State v. Murdock*, 172 Ohio St., 221, but became improper when the prosecution did not follow up the testimony with evidence showing the convictions. We are of the opinion that the prejudice created by such improper questions remained when the case was finally considered by the jury. While in the instant case, as in the *Witsel case*, there was other evidence indicating the guilt of the defendant, we can only conclude that under the circumstances in this case the error was prejudicial. The third and fourth assignments of error will be sustained.

The fifth assignment of error has to do with the manifest weight of the evidence, and it will be overruled.

Judgment of the trial court will be, and hereby is, reversed and the cause remanded for a new trial.

*Judgment reversed.*

BRYANT and DUFFEY, JJ., concur.