The State of Ohio, Appellee, v. Peters, Appellant.

[Cite as State v. Peters, 12 Ohio App. 2d 83.]

(No. 8602—Decided November 7, 1967.)

*Mr. C. Howard Johnson,* prosecuting attorney, *Mr. James A. Pearson* and *Mr. Donald B. Ruben,* for appellee.
*Mr. Jerry Weiner,* for appellant.

DUFFEY, P. J.  This is an appeal from a judgment of the Common Pleas Court of Franklin County. Appellant was convicted of two violations of the narcotics law of Ohio. The first charge accused appellant and one William D. Moore of having marijuana "in their possession or under their control." See Section 3719.09, Revised Code. The second charge was that they did "unlawfully and knowingly permit the use of 33 Wilson Avenue, Apartment No. 5, a dwelling under their control, for the illegal keeping of narcotics drugs, to wit, cannabis sativa (marijuana)." See Section 3719.101, Revised Code.

Pursuant to a search warrant, police entered Apartment No. 5 at 33 Wilson Avenue in Columbus, Ohio, and found a substantial quantity of marijuana. The only person present was the codefendant, William D. Moore. The officers left the apartment and went in search of appellant. The record is silent as to the reason or basis for this action. Appellant's automobile was found parked some ten blocks away from 33 Wilson Avenue. Both appellant and the automobile were searched. No marijuana was found on his person or in his automobile. Appellant and the officers proceeded to 33 Wilson Avenue and in Apartment No. 5 appellant was formally told he was under arrest. Thereafter, in the apartment, he was asked a series of questions. An officer testified that he asked appellant whether he lived at that address and in that apartment. The officer also testified as to questions and responses concerning appellant's relationship with Moore. Similar statements were obtained by questioning at police headquarters.

The state has not denied, and on the record we must conclude, that appellant did not receive warnings with respect to his constitutional rights in the manner required by *Miranda* v. *Arizona* (1966), 384 U. S. 436. However, the state contends that appellant's statements concerning his identity, his address, and his residing in Apartment No. 5 do not come within the

*Miranda* doctrine even though the statements were made after arrest and while in custody.

In this case, the court admitted testimony by the officer as to more than name and address. Further, the crimes charged in this case included that of permitting the use of Apartment No. 5 for the illegal keeping of marijuana. Appellant's statements relating to his living at, and paying rent for, 33 Wilson Avenue are necessarily incriminating in the context of that criminal charge. The testimony should have been suppressed.

In his second assignment, appellant complains of the admission of certain testimony. Federal agent Kenney and two police officers testified at some length with respect to trailing a car from the St. Regis Hotel to 33 Wilson Avenue, observing three men in the car, etc. While much of this recital has no apparent direct relevance, it could be considered as background. We find no objection, motion to strike or other protest by defense counsel.

On the other hand, there was also substantial direct examination concerning a sale of marijuana to an undisclosed FBI informant by an unidentified man. Cross-examination produced the admission that the seller was definitely not the appellant Peters. State's Exhibit 7 was the marijuana so purchased, and the state made an effort to have Exhibit 7 admitted in evidence. The testimony was twice objected to as unconnected and irrelevant. The state did not suggest any connection between the criminal conduct of the unidentified man and the charges against this appellant. The court admitted the testimony, but later sustained an objection to the exhibit. The court overruled a motion for mistrial. No cautionary instruction was requested or given.

We assume the situation in this case arose out of inadequate trial preparation and that it was not deliberate. We also recognize that at the time of the first and second objections the trial court would be justified in assuming that the prosecutor would connect the testimony at a later point. However, when the state offered Exhibit 7 into evidence, and the objection was again raised, together with a motion for mistrial, we think the error and its probable prejudice to appellant was sufficiently apparent to require corrective action. Perhaps a striking of the

testimony and a strong cautionary instruction would have cured the error. See *State* v. *Witsel* (1944), 144 Ohio St. 190. In this case no such instruction was given at that time, and the matter was not covered in the general instructions. See *Wagner* v. *State* (1926), 115 Ohio St. 136; *State* v. *Cole* (1958), 107 Ohio App. 444; *Columbus* v. *Mercer* (1963), 118 Ohio App. 394. In our opinion, the admission of such testimony was prejudicial error.

The third assignment claims an illegal search. However, neither the warrant nor the supporting affidavit is of record. In our opinion, the present state of the record precludes review of the validity of the search.

In his fourth assignment, appellant contends that his convictions are against the manifest weight of the evidence.

The first count of the indictment is based upon Section 3719.09, Revised Code, which makes it a crime for a person to "have in his possession or under his control" any illegal narcotic. Appellant was some ten blocks away at the time of the discovery of the narcotic in Apartment No. 5. In our opinion, the marijuana could not be considered to be in his possession or "under his control" at that time. Further, there is no evidence to establish that appellant had the marijuana in his control at any point before the search.

The evidence is also insufficient to establish *"mens rea,"* *i. e.,* guilty knowledge. The statutory presumption in Section 3719.09, Revised Code, of an intent to violate applies only to proof of possession. It does not apply to proof of "under his control."

The second count upon which appellant was convicted is Section 3719.101, Revised Code, which, as pertinent here, makes it a crime for a person to *"knowingly* permit the use of any * * * dwelling house * * * or any other place whatever *owned* or *controlled* by him for the illegal keeping * * * of narcotic drugs.". (Emphasis added.)

Testimony connecting appellant to Apartment No. 5 was obtained by custodial interrogation. That evidence showed that "it was his apartment, he had lived there eight or nine months and paid $69 a month rent." Assuming that this is sufficient to establish that appellant "controlled" Apartment No. 5, the

mere fact of such control is not sufficient to show that he "knowingly" permitted the keeping of marijuana. To permit an inference of guilty knowledge, the state had to produce some evidence of a relationship between the marijuana and appellant.

He was not in exclusive control of the apartment. He was not present when the drug was found. There is nothing to suggest when the marijuana was delivered. In essence, the state's case is simply that one William Moore was discovered in appellant's apartment; that Moore had marijuana on him, and it was found at various open places around the apartment; that appellant was not present and was not known to have been present at any other time when marijuana was known to be present.

The judgment of the Common Pleas Court will be reversed.

*Judgment reversed.*

TROOP and DUFFY, JJ., concur.