Maurice Wahl, J.
In this summary holdover proceeding the landlord seeks to evict the tenant on the ground the tenant has violated a substantial obligation of his tenancy in that he permitted a person not a member of his immediate family to occupy the premises in question. The lease provides that the apartment shall be ‘ ‘ occupied only by the tenant and members of the immediate family of the Tenant. ’ ’ Also contained therein is a provision prohibiting the tenant from underletting such demised premises without the prior written consent of the landlord. The premises in question are subject to rent control. The evidence presented on trial established that a young male adult who is a godson of the tenant moved into the apartment occupied by the tenant and has been living there with the tenant for a substantial period of time. The tenant admitted his godson Peter Cobin has resided there for a period of over three years, and is currently residing in the apartment. It is conceded by the tenant that the initial occupancy of the apartment by his godson occurred without the prior written consent of the landlord. Petitioner landlord contends that this increased occupancy is in violation of the aforesaid lease covenants and is a breach *423 of an obligation of the tenancy within the meaning of subdivision a of section 52 of the Rent, Eviction and Rehabilitation Regulations.
A major issue presented by this proceeding is whether the tenant’s adult godson can be considered a member of the tenant’s immediate family as required by the terms of the lease for additional occupancy by one other than the tenant.
The tenant admits that there are no close ties of consanguinity nor any relationship by marriage existing between his godson and himself. Moreover the godson is a young adult who is seemingly emancipated from dependency on his own natural parents. The parties’ only ties are of godchild to godfather. Various dictionaries define the role of the godfather as a man who sponsors a child at baptism or who is a participant at the rites of baptism or circumcision and who may thereafter take an interest in the child’s spiritual upbringing or welfare. The prime importance of the godfather’s role relates to religious guidance. The responsibilities of a godfather do not include the material nurturing of a godson. This is in direct contrast to the traditional responsibilities of a natural or adoptive parent. Clearly a godson does not qualify as a member of his godfather’s immediate family unless he is also a blood relative. Furthermore, a godson has no rights of inheritance in his godfather’s estate under the laws providing for intestate distribution. It is also a fact that any individual can be a godfather to an unlimited number of children.
Therefore the occupancy by the godson constitutes a violation of the tenancy under the lease and establishes the landlord’s right to a final judgment of possession.
The court also finds that petitioner landlord accepted rent from the tenant without knowledge of the increased occupancy. Hence, there was no acquiescence in the violation that would constitute a waiver so as to estop petitioner from asserting the violation of the tenancy. The various defenses interposed by the tenant are inconsequential. True it may be, and the evidence indicates, that the “ jingle of the guinea ” would ease the concern of the petitioner, but the court must adhere to the law as it is.
Final judgment for the landlord, with issuance of the warrant permanently stayed if the godson removes from the premises within 10 days after service of a copy of this order upon the tenant. However if the said tenant fails to comply with this decision, the petitioner may submit an affidavit with two days’ notice to the tenant requiring the vacation of the stay and for the issuance of the warrant.