Irving Younger, J.
The question for decision is whether chastity is a prerequisite to maintenance of the landlord-tenant relationship.
Bespondent, an unmarried lady, lives in rent-controlled premises owned by petitioner. For reasons best left unspoken, petitioner concluded, in October, 1971, that respondent had, from time to time over the preceding several months, engaged in sexual intercourse with a certain gentleman. Acting promptly, petitioner served upon respondent a “notice of termination of tenancy ’ ’ on the ground that she had used the premises for “ illicit relations.” Bespondent declined to vacate, whereupon petitioner commenced this holdover proceeding.
The evidence demonstrates that petitioner’s conclusion as to respondent’s conduct is founded in fact, with this qualification: *279 while respondent has been unchaste, she is neither disorderly nor a prostitute.
What I must decide, then, is whether an unmarried female who, in her apartment, privately engages in sexual intercourse thereby subjects herself to eviction.
The Beal Property Actions and Proceedings Law (§ 711, subd. 5) authorizes removal of a tenant who uses the premises “as a bawdy-house, or house or place of assignation for lewd persons, or for purposes of prostitution, or for any illegal trade or manufacture, or other illegal business.” The Advisory Committee Notes state that this is meant to cover “Only illegal use * * * for commercial purposes ”, which, as mentioned
above, is not the case here. Hence the statute is inapplicable.
Section 52 (subd. d) of the Bent, Eviction and Behabilitation Begmlations goes beyond section 711 (subd. 5) of the Beal Property Actions and Proceedings Law by permitting an eviction based upon use of the premises for any “ immoral or illegal purpose ’ ’, whether commercial or otherwise. Accepting arguendo the validity of the regulation, I note that respondent has done nothing illegal, for the law of New York does not proscribe normal sexual intercourse carried out in private between unmarried consenting adults. iSo much for illegality.
With respect to immorality, one should say little precisely because there is so much to say. ‘ ‘ Values are inconmensurables; and the law is full of standards that admit of no quantitative measure ” (Posusta v. United States, 285 F. 2d 533, 535 [2d Cir., 1961], L. Horn, J.). If the test be personal to me, I hold that, without a showing — and there is none- — -that she has harmed anyone, respondent has- done nothing immoral. And if the test be the response of the “ordinary” or “average” man or woman, assuming that it makes sense to posit the existence of such a person, I hold that, given the ethical standards of the day, respondent has done nothing immoral.
In sum, acts -of sexual intercourse between unmarried consenting adults involving neither public disorder nor prostitution do not constitute a basis for eviction under section 711 (subd. 5) of the Beal Property Actions and Proceedings Law or section 52 (subd. d) of the Bent, Eviction and Behabilitation Begulations.
Petition dismissed.