Richard S. Lane, J.
In this holdover summary proceeding landlord claims that tenant has violated a substantial obligation of his tenancy by sharing his apartment with a young lady "without the benefit of clergy” (or even the blessings of a Civil Court Judge). By the time of the institution of the proceeding the young lady had become tenant’s financed.
It is surprising to learn that in the more freely relating world of the 70’s this is apparently a matter of first impression.
In their briefs the parties have treated me to a review of the extensive judicial literature on the subject of harboring a dog in residential premises. Without disrespect, I am disregarding the dog cases as inapposite since they all involve explicitly or implicitly the issue of nuisance. Likewise not dispositive are the cases cited by landlord in which the objectionable additional occupant of the premises was a friend (One-Two East 87th St. Corp. v Rees, 35 Misc 2d 158); a third cousin (Irweis Holding Corp. v Glenn, 2 Misc 2d 804); and a godson (Mideast Holding Corp. v Tow, 60 Misc 2d 422).
Closer factually is a common-law husband. In Jema Props. v McLeod (NYLJ, June 7, 1976, p 8, col 1) the Appellate Term, First Department, without discussing the facts, upheld the judgment of Housing Court that there had been a material breach sufficient to warrant termination of the tenancy. Landlord tells me that in the Jema case the objectionable additional occupant was a common-law husband. Perhaps it is male chauvinism to remark that in New York City today there are common-law husbands and common-law husbands, but it may help to explain why Appellate Term chose to pass without even citation its own directly contrary determination (Hersil Realty Mgt. Co. v Hansen, 1 Misc 2d 65).
As Judge Fuld commented in Park East Land Corp. v Finkelstein (299 NY 70, 74) "substantial” is a word of art which takes on color and precision from the temporal and factual setting in which it occurs. In that case the Court of Appeals reversed the Appellate Division and sustained the holding of Special Term that there was no violation of a substantial obligation of tenancy in occupancy, unfixed in duration albeit concededly temporary, by tenant’s stepfather’s daughter and son-in-law. Compare that rather distant familial pattern with the instant loving relationship of man and maid which has matured into an engagement.
Common sense dictates that no real interest of landlord is *619 being threatened here, and accordingly I find no material breach. The lady may not be a member of tenant’s immediate family as defined in section 55 of New York City Rent Regulations, but she certainly is in the eyes of today’s world (see Edwards v "Roe”, 68 Misc 2d 278).
Tenant may have judgment dismissing the petition together with the costs of this proceeding.