OPINION OF THE COURT
Jesse M. Eisen, J.
The landlord, the owner of an apartment building financed pursuant to section 236 of the National Housing Act, as amended (US Code, tit 12, § 1715z-l), instituted summary proceedings against the respondent and has sought her ouster on the ground that she "has violated a substantial obligation of her tenancy in that she has permitted unauthorized persons to occupy the demised premises.” The tenant basically has submitted a general denial of the aforesaid allegation.
The parties stipulated and agreed, through their attorneys that there were no issues of facts to be determined, and that the interpretation of pertinent provisions of the lease between the petitioner and respondent as applied to the agreed upon *385 facts was to be resolved by the court, and a decision rendered thereon. Thereupon, a stipulation of "the material and relevant facts” was filed.
It appears that the defendant occupies, since July 1, 1976, a three-bedroom apartment in 73 Highland Avenue, Yonkers, New York, with her three children, two minor females and one minor male, pursuant to a lease. The children use two of the bedrooms and the respondent the third. On the average of two or three times a week a male, not related to the tenant by blood or marriage, visits her and remains overnight in her apartment. The said person admittedly has resided continuously at another address in Yonkers since July 1, 1976, and receives his mail there and holds out that said other address as his residence. Although his age is not . furnished it must be assumed that he is an adult.
On or about August 15, 1977, a written notice was given to the tenant stating that the said male person appeared "to be sharing” in her apartment and directed that he be excluded therefrom. A prior notice had been given in or about January, 1977, likewise directing the individual male to be kept away, except for social visits on an intermittent basis. However, despite these notices, said person has continued to stay overnight, on the average of two or three times each week, and it is the landlord’s contention that the tenant is in violation of paragraphs "5” and "9” of her lease, and therefore subject to eviction.
It is noted initially that if there is any ambiguity in the lease provisions, said instrument having been prepared and furnished by the landlord, as to the right of the tenant to occupy and use her apartment as she admittedly is doing, such ambiguity must be resolved in favor of the tenant (see 455 Seventh Ave. v Hussey Realty Corp., 295 NY 166, 172; Black v General Wiper Supply Co., 305 NY 386, 390).
Paragraph "5” of the lease sets forth that the: "tenant agrees that the family income, family composition and other eligibility requirements shall be deemed substantial and material obligations of his tenancy with respect to the amount of rental he will be obligated to pay and his right of occupancy.” This provision is directed primarily to eligibility requirements in a subsidized building and the obligation to pay rent as a result of the income and composition of the family and the right of occupancy in relation thereto. Its purpose is not to deny visitation and overnight stays by third persons in the *386 tenant’s apartment. A guest using these premises two or three nights a week is not an occupant in the sense of one who has taken possession of or exercised dominion over the apartment or of a room therein. The inclusion of the phrase that the eligibility requirements are deemed substantial and material obligations of the tenancy must be assessed in connection with the over-all legal and factual situation presented herein (cf. Matter of Park East Land Corp. v Finkelstein, 299 NY 70, 74), and based thereon and in the context of present day mores a contention by the landlord that the tenant’s actions constitute a violation of a substantial obligation of her tenancy must be dismissed.
Similarly, paragraph "9” of the lease which provides that: "The tenant shall not assign this lease, sublet the premises, give accommodation to any roomers or lodgers, or permit the use of the premises for any purpose other than as a private dwelling solely for the tenant and his family” cannot be accepted as cause for the summary ouster of the respondent on the ground that her visitor constitutes either the giving of accommodations to another, or the use of her apartment as a private dwelling for other than the tenant and her family. The word accommodation as set forth in the lease means providing a third person with actual lodging, a place of residence, which is not the fact herein. It is admitted that the male guest has and maintains his own dwelling, and that he does not hold out the premises in question as his home. There is no claim that the tenant has assigned or sublet her premises to him.
The fact that the tenant’s life style may not meet with the approval of the landlord or some of the tenants or even of the court cannot restrict her use of the apartment in the manner stipulated herein. (Cf. Edwards v "Roe", 68 Misc 2d 278.) There is no contention that the relationship between the tenant and her visitor has resulted in legal nuisance or of discorder, or that the visits have increased expenses in the building or caused damage to the structure. There is nothing to indicate that the guest is contributing toward the rent of the apartment or that he has become a member of the family through his visits to the apartment, or that he has moved into the apartment as a permanent occupant thereof so as to fall within the restraint clauses of the lease. (See Hersil Realty Mgt. Co. v Hansen, 1 Misc 2d 65; Frayden Enterprises v Ettinger, 91 Misc 2d 119.)
*387 That this building is one in which the Federal Government or a department thereof has a financial interest, or that the respondent’s rent is subsidized, does not mean that she may not enjoy residence for the full lease term in a manner similar to tenants in privately financed structures. This lease by its terms cannot be said to limit her occupancy to conform to the instant demand of the landlord and thus subject her to the drastic remedy of eviction.
Therefore, the petition is dismissed.