opinion of the court
Pino, P. J.
The issue presented on this appeal is whether an individual, residing in demised accommodations for the principal purpose of rendering necessary health services to the tenant is deemed an “occupant” in violation of the terms of the tenancy.
Petitioner commenced this holdover proceeding to recover possession of tenant’s apartment on the alleged ground that tenant had violated a substantial obligation of his tenancy by permitting occupancy of the apartment by one other than a member of his immediate family. The parties submitted the case to the trial court on an agreed statement of facts. It was alleged therein that Mr. Menachem is a tenant in a rent-controlled apartment which consists of one bedroom, a kitchen, dinette, living room and bathroom. He pays $308.43 per month for rent plus a fuel surcharge. On March 27,1980 landlord observed the name *64 of Mr. Washington on the mailbox and verified that Mr. Washington had moved in with Mr. Menachem. The agreed statement continued:
“It is stipulated that Walter Washington does reside with the tenant on a permanent basis. The tenant suffers from: Angina Pectoris, Arteriosclerotic heart disease, Hypertension, Diabetes Mellitus, Hyperlipederma, Asthmatic bronchitis, probic neurosis, depression and ágitated features.
“It has been recommended by Mr. Menachem’s physicians that he have constant companionship to observe his condition to assure that he takes his medication, and to generally see to his well being, and as a result, Mr. Washington has moved into the apartment.
“The respondent has been approved by the Human Resources Administration for seven (7) days per week home attendant services; but not approved for twenty-four (24) hour assistance. The assistance was approved for the hours of 8 P.M. to 4 A.M. daily.”
The court below dismissed the petition on the ground that petitioner failed to serve and join the alleged subtenant in this proceeding.
It is the opinion of this court that the return on appeal supports petitioner’s contention that Mr. Washington voluntarily consented and submitted to the court’s jurisdiction and so a determination on the merits is warranted.
Black’s Law Dictionary (5th ed, p 973) defines the term “occupant” as a “Person in possession. Person having possessory rights, who can control what goes on on premises. One who has actual use, possession or control of a thing.” In G.M.G. Realty Co. v Spring (191 Misc 334, 336, revd on other grounds 191 Misc 945) the lower court stated: “An ‘occupant’ has been judicially defined as one who occupies or takes possession; one who has the actual use or possession, or is in possession of, a thing. * * * An ‘occupant’ has also been defined as one who holds possession and exercises dominion over it.” (See, also, 47 NY Jur, Property, § 14, p 305.)
As to the substantive merits of this case, it would appear that this case is one of first impression. While there have *65 been many cases in which courts have held that occupancy of an apartment by an unauthorized person is a violation of a substantial obligation of the tenancy and is sufficient to warrant termination of the tenancy, most of those cases have had slightly different fact patterns. In Fraydun Enterprises v Ettinger (91 Misc 2d 119) the Appellate Term, First Department, found that where a tenant permits his fiancée to move in with him he is violating the terms of his lease. The court noted that if they were married, then she would be a member of his immediate family and therefore her occupancy would be permitted under the terms of the lease. In One-Two East 87th St. v Rees (35 Misc 2d 158) the same court would not permit a friend to move in even though no rent was paid by the new tenant. In Irweis Holding Corp. v Glenn (2 Misc 2d 804) that court would not permit a third cousin to move in with the tenant. Finally, in 320 East Fifty-Seventh St. Corp. v Peckham (63 NYS2d 357) that court ruled that even where the tenant was hospitalized, she could not let a friend live in the apartment, even though the friend did not pay any rent to the tenant.
On the other hand, courts have determined that certain types of residency do not fall within the term “occupant” and, therefore, do not violate a substantial obligation of the tenancy so as to warrant the termination of the landlord-tenant relationship. In Presby v Benjamin (169 NY 377) the court held that placing a servant in a house to take care of it did not violate the terms of the lease. The court stated (p 380): “It is clear that even under a liberal construction of the covenant, to constitute a violation of this lease the defendant must have attempted to put in possession of the premises a new tenant, not merely a new occupant. To be a tenant a person must have some estate, be it ever so little, such as that of a tenant at will or on sufferance. A person may be in occupation of real property simply as a servant or licensee of his master. In that case the possession is not changed; it is always in the master.” To the same effect, see 235 West 71st St. Co. v Rognlein (NYLJ, Feb. 27,1981, p 4, col 3) wherein it was held that the use of a caretaker in an apartment did not violate a substantial obligation of the tenancy. In Messiah Baptist Housing Dev. Fund Co. v *66 Rosser (92 Misc 2d 383) the court concluded that tenant did not violate any obligation of her tenancy by permitting a male guest to remain in her apartment on the average of two or three nights a week on the ground that this guest was not a “permanent occupant” of the apartment. In Mihil Co. v Paradiso (107 Misc 2d 867) the court held that where tenant permitted the daughter of a friend to stay as a guest for seven weeks, tenant had not violated the terms of the lease and had not conferred occupancy status on the friend. The case at bar differs factually from those just cited but not conceptually and for that reason, the dismissal of the petition was proper.
The chief function of the judicial system in a democratic society is the construction and application of the law tethered to an inherent sense of justice, viz., the delicate balancing and reconciliation of the conflicting interests of adverse parties.
Thus, in the case at bar, apart from a transient house guest, it is our view that when an individual enters a dwelling for the primary purpose of acquiring a place of abode, he may well be deemed an “occupant” in violation of the terms of the tenancy even though such residency may be for a short duration. On the other hand, we are mindful of a growing class of older persons in our midst who, afflicted by the ravages of time, suffer from debilitating and chronic illnesses. To consign these individuals, absent medical necessity and against their wishes to institutions in order to receive proper health care rather than seek such care at home at the peril of being evicted, violates our notion of justice. There is mounting evidence that forcible institutionalization of the elderly stimulates disorientation, accelerates debilitation and exacerbates chronic illness. In Aging and Mental Health (1977), coaüthored by Robert Butler, M.D., Director of National Health Institute on Aging, it states (at p 211): “Home is extraordinarily significant to many older persons. It is part of their identity, a place where things are familiar and relatively unchanging and a place to maintain a sense of autonomy and control. Some insist on remaining at home ‘at all cost’ to their emotional and physical health and personal security. Such tenaciousness can be laid to a desire for freedom *67 and independence; a fear of loss of contact with familiar and loved people, places and things; a fear of dying because of the reputation of hospitals and nursing homes as ‘houses of death’ from which there is no return; and a trepidation about change and the unknown, which frightens people of all ages.” At page 213, it is further noted that “Older people should not have to ‘serve time’ in an institution just because they become ill unless such care is an absolute necessity or their own personal preference” (see, also, Cummings and Cummings, Care in the Community, in Howells, Modern Perspectives in the Psychiatry of Old Age [1975], ch 22).
In the present case, Mr. Washington is a full-time health care aide for an elderly and ailing tenant. There is no limit set forth as to the extent of his residing in the apartment since his presence is apparently required so long as tenant requires his care and attention. We find that Mr. Washington’s presence in the apartment is as a service to this tenant and not as an “occupant”. We find that his residence is incidental to and secondary to the prime objective herein described. We, therefore, conclude that the conduct complained of herein did not constitute so material a breach as to warrant the termination of this rent-controlled tenancy.
Buschmann and Jones, JJ., concur.
Final judgment affirmed without costs.