OPINION OF THE COURT
Alexander Graves, J.
The within is a holdover proceeding in which several issues requiring comment by this court have been presented.
The first such issue is whether objectionable acts alleged to have been committed by the tenant and/or members of her family constitute grounds for eviction. The premises in question is a Federally subsidized project and subject to 24 CFR Part 450. That section provides specific grounds by which a tenant may be evicted. Petitioner has sought to *779 utilize 24 CFR 450.3 (a) (1) which provides for eviction when there has been material noncompliance with the rental agreement.
The second issue on which this court would comment is whether, as the tenant claims, she has the absolute right to request and counterclaim for attorney’s fees incurred in the defense of this summary proceeding. Attorneys for both sides have submitted memoranda of law on this issue.
24 CFR 450.3 (c) defines the term “material noncompliance with the rental agreement” to include one or more substantial violations of the rental agreement or repeated minor violations of the rental agreement which disrupt the livability of the project, adversely affect the health or safety of any person or the right of any tenant to the quiet enjoyment of the leased premises and related project facilities, interfere with the management of the project or have an adverse financial effect on the project. Petitioner has elected to charge the tenant with one or more substantial violations of the rental agreement.
Evidence presented at trial demonstrated two instances of objectionable behavior attributable to the respondent. This included evidence that on September 3, 1981 the tenant’s son Lennie Guida, then eight years old, committed what has been termed by petitioner as an act of sodomy upon the son of another tenant. Additionally, evidence was presented that on March 30,1980 security had to be called to break up a fight between the tenant’s son and two other boys. Apparently as a result of this incident, the tenant and a male companion were involved in an altercation with the security guard and the companion is accused of having used profane language during the incident.
This court is of the opinion that petitioner has shown two instances of conduct attributable to the respondent that were in fact objectionable and which might be said to have disrupted the livability of the project and/or the rights of other tenants to the quiet enjoyment of the premises. However, petitioner has not alleged nor demonstrated that these two instances of objectionable conduct were of such a nature as to be termed repeated minor violations of the rental agreement.
*780 As previously stated, petitioner has alleged that the instances of objectionable conduct on which evidence was presented were substantial violations of the rental agreement as defined by Federal law. This court does not agree. Although very little case law on these regulations exist, this court is of the opinion that these regulations are analogous to New York State law and that when analyzed in terms of State case law the instances of conduct complained of are not of the nature required to prove substantial violation of the rental agreement.
New York courts have dealt with the concept of “substantial violation” in the context of rent control and rent stabilization law. Subdivision a of section 52 of the New York City Rent and Eviction Regulations and subdivision A of section 53 of the Code of the Rent Stabilization Association of New York City, Inc. (Rent Stabilization Code) provide that an action or proceeding to recover possession of a rent-controlled or rent-stabilized apartment may be maintained upon the ground that the tenant is violating a substantial obligation of his tenancy.
Case law has held that “substantial” is a word of general reference which takes on color and precision from its total context. (Matter of Park East Land Corp. v Finkelstein, 299 NY 70.) “Substantial violation” has been found to require a violation which causes loss to the landlord (Matter of Park East Land Corp. v Finkelstein, supra) or one which affects a real interest of the landlord. (Fraydun Enterprises v Eltinger, 88 Misc 2d 617.)
Our courts have distinguished substantial violation criteria from that of grounds for eviction upon the grounds of nuisance. Nuisance involves behavior by the tenant which is such as to interfere substantially with the comfort and safety of the landlord or of other tenants (NY City Rent and Eviction Regs, § 52, subd b; Rent Stabilization Code, § 53, subd B) and has been found to be of a continuous nature which constitutes a pattern of objectionable conduct. Typically, suits brought to evict a tenant on grounds of harassment to fellow tenants are brought under a theory of nuisance and are judged by whether the acts complained of meet that criteria — objectionable conduct of a continu *781 ous nature (cf. 14th St. Assoc. v Henderson, NYLJ, March 23, 1979, p 6, col 1).
Looking to the case at bar, the court finds that petitioner has failed to sustain its burden. Although the notice to terminate served on the tenant sets forth 14 incidents which, if proved at the trial, might have been found to constitute repeated minor violations of the rental agreement which disrupted the livability of the project, proof was offered only as to three of these incidents, and, as to one of the three (the fight involving the tenant’s son), the proof did not establish any wrongdoing on the part of the tenant or her son. Two incidents cannot, as a matter of law, be considered to constitute repeated violations of the rental agreement. Nor can the petitioner’s proof be said to establish the existence of a nuisance. Proving only isolated instances of objectionable conduct by the tenant is insufficient to support a finding of nuisance. (Friedman v Kendrick, NYLJ, July 5, 1977, p 11, col 4, citing Truncali v Kusstatscher, 61 Misc 2d 500.)
Further, petitioner has failed to prove one or more substantial violations of the rental agreement on the part of the tenant. Breaches of a tenancy which have been found to be substantial include failure to pay rent (Sanders v Plummer, NYLJ, July 23, 1976, p 9, col 3), use of the premises for a purpose other than that set forth in the lease (Vandan Realty Corp. v Warren, NYLJ, May 9, 1974, p 2, col 1), permitting an unauthorized person to reside in the premises (One-Two East 87th St. Corp. v Rees, 35 Misc 2d 158; Mideast Holding Corp. v Tow, 60 Misc 2d 422), and unauthorized or illegal alterations in the demised premises. (Harar Realty Corp. v Michlin & Hill, 86 AD2d 182.) The objectionable conduct proved in the instant case does not resemble the type of activity indicated above which has been found to constitute substantial violation of the rental agreement.
To summarize, the court finds that petitioner has failed to establish that respondent committed “(1) [o]ne or more substantial violations of the rental agreement, or (2) repeated minor violations of the rental agreement which disrupt the livability of the project, adversely affect the health or safety of any person or the right of any tenant to *782 the quiet enjoyment of the leased premises and related project facilities, interfere with the management of the project or have an adverse financial effect on the project” (24 CFR 450.3 [c]). The petition is therefore dismissed.
Having disposed of the primary issue, the court now turns its attention to the issue of attorney’s fees.
Section 234 of the Real Property Law states, inter alia, that whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorney’s fees, there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorney’s fees incurred by the tenant in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease. The section further states that “[a]ny waiver of this section shall be void as against public policy.”
While petitioner has correctly pointed out that as a general proposition a provision in a lease prohibiting counterclaims in summary proceedings for nonpayment of rent is valid, section 234 appears to direct this court to find void the waiver of the right to counterclaim for attorney’s fees.
Since the lease in question provides for the recovery of attorney’s fees by the landlord "and since the tenant has successfully defended this summary proceeding brought by landlord, it would appear that the tenant is entitled to attorney’s fees.
The uncontroverted evidence presented at trial is that the reasonable and actual fees incurred in the defense of this action were $850. The court finds respondent entitled to judgment in that amount.