20

(Nos. 87CRB5928 and -6562—Decided
May 21, 1987.)

Hamilton County Municipal Court.

*William Mallory,* for plaintiff.
*Christopher T. Laber,* for defendant Ballard.
*Jerome J. Charls,* for defendant Wiley.

Hogan, J. The court has consolidated for decision two cases which involve an identical issue — the meaning of the word "permit" as it is used in R.C. 2925.13, permitting drug abuse. This statute makes it a criminal offense to knowingly *permit* one's premises to be used for the commission of a felony drug offense if one is the owner, lessee or occupant, or has custody, control or supervision of, the premises. The term "permit" is undefined in the Criminal Code, but in 4 O.J.I. 525.13(B) (1987), "permitted" is said to mean "allowed, expressly or by inference." A dictionary definition of the term is expressed by the use of multiple meanings: to allow, to tolerate or agree to, to afford opportunity for, to grant permission. See Random House Dictionary of the English Language (1966).

The search for precedent began with Annotation, Permitting Unlawful Use of Narcotics in Private Home as Criminal Offense (1973), 54 A.L.R. 3d 1297. Factors which courts have considered are three in number: (1) the defendant's control over the subject premises; (2) the defendant's knowledge that the premises were being used for illegal purposes; and (3) the recurrent or repeated use of the premises for the use of drugs. *Id.* at 1300-1304.

Ohio cases have, however, ignored the third criteria and have focused on the defendant's control of the premises and knowledge of the presence of drugs on the premises. One such case is *State* v. *Peters* (1967), 12 Ohio App. 2d 83, 41 O.O. 2d 160, 231 N.E. 2d 91. In *Peters,* police, armed with a search warrant, entered an apartment which the defendant, who was not present, shared with another. After confiscating a substantial quantity of marijuana from the apartment, the police set out in search of defendant whom they found in a parked automobile ten blocks away. The defendant was charged with and convicted of a violation of R.C. 3719.101, the then existing version of the permitting drug abuse statute. On the control of the premises issue, the state relied upon the defendant's admission that it was

his apartment, that he paid $69 per month rent, and that he had lived there for eight or nine months. The appellant court in reversing the trial court's judgment said that assuming control of the premises was established, control itself is insufficient to show that defendant knowingly permitted the keeping of marijuana in the absence of other indicia or knowledge.

The other case of interest is *State* v. *Tabasko* (1970), 22 Ohio St. 2d 36, 51 O.O. 2d 64, 257 N.E. 2d 744. Tabasko leased a fifteen-room house, but was out of town when police visited the premises for the purpose of conducting a search authorized by a search warrant. Drugs were confiscated and a number of persons on the premises were arrested. The state met the burden of proof on the knowledge issue via the testimony of several communal occupants of the house to the effect that defendant had smoked marijuana with them and in their presence on several prior occasions. On the issue of control, the state produced a copy of the lease which had been confiscated during the search and also the testimony of the landlord to establish that defendant rented the home, signed the lease, and was accountable to the owner for the condition of the premises. Further, the state relied upon the testimony of the occupants of the house who testified that defendant solicited their occupancy, kept the books, assigned rooms and handed out chores. The jury verdict of guilty was affirmed on appeal and upheld by the Ohio Supreme Court. Preceding the verdict, the jury was charged on the issue of control as follows:

" 'The phrase "controlled by him" means to have the apartment or dwelling under his dominion, management, subjection, regulation or direction.' " *Id.* at 44, 51 O.O. 2d at 68, 257 N.E. 2d at 749.

In the first case for decision today, *State* v. *Gwendolyn Wiley,* case No. 87CRB5928, policeman (Len Locke), gained entrance to apartment 542, 1017 Dayton Street, a six-unit apartment building, for the purpose of executing a search warrant. A controlled buy was previously made there. Law enforcement's first concern was an individual by the name of "Byers" who was "shooting tylox" in the bathroom. Defendant was present in the apartment, but had been sleeping. A search of the premises disclosed the presence of percodan in the bedroom and tylox in the bathroom along with syringes. Although the testimony was in dispute on this point, the court believes the police testimony that defendant knew Byers (defendant's boyfriend and a frequent visitor at her apartment) was a drug user and that she knew drugs were in the apartment. The testimony elicited by both parties was not in dispute on the fact that defendant and her sixteen-year-old son were the sole occupants of the apartment.

The court believes that both the knowledge and control elements by virtue of which one permits drug abuse on one's premises have been established beyond a reasonable doubt. Gwendolyn Wiley is found guilty and shall be sentenced following a presentence report on June 29, 1987.

The second case to be decided today is *State* v. *Brenda Ballard,* case No. 87CRB6562. As in *Wiley,* the police visited the defendant's address at apartment 833, 1546 Linn Street, to execute a search warrant. After forcibly gaining entrance, police found a white powdery substance in the livingroom and bathroom, a plastic bag in the kitchen trash container, a plastic bag containing a white powdery substance on the kitchen table and other drugs in various locations throughout the apartment. The packet of white powdery substance recovered from the bathroom windowsill was

identified, marked as State's Exhibit 1 and accepted into evidence. The lab report shows this exhibit to contain cocaine. The precise location of defendant when entry was made is subject to some debate, but she was probably in the bedroom of the four-room apartment. Defendant's husband, Chris Ballard, and another individual by the name of Marcus Clark were present and were arrested and charged with felony drug abuse offenses. Defendant told the police she shared the apartment with her husband and police Specialist Locke found various rent receipts containing defendant's name to further buttress defendant's statement. This defendant did not testify; her statement to police was admitted during the state's case in chief.

The court is permitted to consider an inference that the defendant knew about the existence of drugs on the premises and because of the small size of the apartment, the quantity of drugs seized, the various locations where drugs were found, and the defendant's presence in the apartment when the seizure took place, the court is satisfied that circumstantial evidence proves the knowledge element beyond a reasonable doubt. A contrary result, however, is found on the issue of control. As an occupant (probably a lessee), the defendant has the right to exclude third persons from the premises with the consent of her husband, but not to exclude her husband. This is in contrast to Gwendolyn Wiley's position as the sole lessee of the apartment. Thus, we fail to see how this defendant can, as a co-occupant, permit what the landlord-tenant law would not allow her to prevent, that being the continued occupancy of the premises by her husband during the period of the lease.

A case which involves a contrary result is *State* v. *Ford* (Apr. 9, 1986), Lorain App. No. 3897, unreported.

Suffice it to say that there was evidence that Mrs. Ford knew about drug transactions on the premises *and* she refused to admit the police, thereby permitting her husband time to run upstairs and flush cocaine down the toilet before the police broke down the door. It is thus easy to see that to aid, abet and facilitate criminal behavior while on one's premises is permitting drug abuse by affirmative act. But when one's failure to act is the basis of a permitting drug abuse charge, this court feels that a person such as defendant who exercises only a shared control over the premises with her husband and is not the dominant person in their relationship may not be convicted of permitting drug abuse when her husband's illegal drug activities constitute the drug abuse in question. Therefore, a not guilty finding is made in the Ballard case.

*Defendant guilty in case No. 87CRB5928.*
*Defendant not guilty in case No. 87CRB6562.*