**The STATE of Ohio**

v.

**SNEED.**

Cleveland Municipal Court, Ohio.

No. 96–CRB 004949.

Decided April 29, 1996.

6

*Ruben Sheppard,* Cleveland Assistant Prosecutor, for plaintiff.

*Thomas G. Kelley,* for defendant.

---

ROBERT J. TRIOZZI, Judge.

Defendant John Sneed has been charged with a violation of R.C. 4301.69(B), which states as follows:

"No person who is the owner or occupant of any public or private place shall knowingly allow any underage person to remain in or on the place while possessing or consuming beer or intoxicating liquor, unless the intoxicating liquor or beer is given to the person possessing or consuming it by that person's parent, spouse who is not an underage person, or legal guardian and the parent, spouse who is not an underage person, or legal guardian is present at the time of the person's possession or consumption of the beer or intoxicating liquor."

Testimony from the agents of the Department of Liquor Control established that the residence at 3407 West 117th Street in the city of Cleveland was being

used by numerous underage persons as a place to congregate and consume beer and intoxicating liquor. Based upon neighborhood complaints, agents established surveillance of the premises over a period of weeks and observed activity giving probable cause to believe that violations of the state and city liquor control laws were occurring.

As the surveillance continued, the evidence established that on February 11, 1996, the liquor control agents observed numerous underage individuals going into the residence at 3407 West 117th Street. Defendant Sneed was observed entering the premises carrying beer and later was observed answering the door as underage-looking individuals would arrive. Agents then presented themselves undercover as invited guests. Defendant Sneed answered the door, and permit-ted their entrance into the premises. While inside, the agents observed numerous underage-looking individuals throughout the house consuming beer. Later, when a number of individuals became suspicious that the agents might be police officers, the agents were told to leave the premises. Defendant Sneed was not among the individuals ordering the agents to leave the premises.

After leaving the premises and based upon their personal observations inside, the agents decided to raid the premises. Numerous individuals were determined to be underage and were placed under arrest for violations of R.C. 4301.632 and/or Cleveland Municipal Code 617.02. Defendant Sneed, who was the only person present who was not underage, was arrested for a violation of R.C. 4301.69(B).

The evidence established that most of the individuals present were high school students who had assembled after a high school hockey game. Defendant Sneed, age twenty-five, was the assistant statistician for one of the hockey teams. Although credible evidence was presented that would establish that defendant Sneed had violated R.C. 4301.69(A) earlier in the day by buying beer and furnishing beer for underage persons, the state elected to file its complaint and proceed under R.C. 4301.69(B), wherein it is an essential element of the pro-scribed offense that the defendant is "the owner or occupant of any public or private place" where underage persons were knowingly allowed to consume beer or intoxicating liquor.

Defendant Sneed asserts that the state has failed to meet its burden of proof in failing to establish that he was the "owner or occupant" of the premises. The evidence clearly established that defendant Sneed was not the owner of the premises. Under the facts and circumstances of this case, the state must then prove beyond a reasonable doubt that defendant Sneed was an "occupant" of the premises within the meaning of R.C. 4301.69(B).

"Occupant" is not defined in R.C. 4301.69(B), nor does it have any fixed meaning in the law. The legislature defines "occupant" only in the context of storage facilities operating within this state. In R.C. 5322.01(C), the legislature defines "occupant" as "a person who rents storage space at a self-service storage facility pursuant to a rental agreement that he or she enters into with the owner." Although it is not on point with this case, the legislature's definition is noteworthy because it contemplates more than mere presence, but rather an economic relationship relating to the premises.

Black's Law Dictionary defines "occupant" as "Person in possession. Person having possessory rights, who can control what goes on on premises. One who has actual use, possession or control of a thing." Black's Law Dictionary (6 Ed.1990), at 1078. This definition is consistent with the holdings in other states that use the words "possession" and "occupation" synonymously with reference to real property, *G.M.G. Realty Co., Inc. v. Spring* (1948), 191 Misc. 334, 77 N.Y.S.2d 732. The definition is also consistent with landlord-tenant law in this state, where an "occupier of lands" is subject to a forcible entry and detainer action brought under R.C. 1923.02(A)(5).

This court, therefore, defines "occupant" within the meaning of R.C. 4301.69(B) as the person who is in possession of the premises. "Possession" is defined as "having control over a thing with the intent to have and to exercise such control." See R.C. 2925.01(L) and *State v. Hankerson* (1982), 70 Ohio St.2d 87, 24 O.O.3d 155, 434 N.E.2d 1362; *State v. Wolery* (1976), 46 Ohio St.2d 316, 75 O.O.2d 366, 348 N.E.2d 351; and *State v. Haynes* (1971), 25 Ohio St.2d 264, 54 O.O.2d 379, 267 N.E.2d 787.

Thus, the test to determine whether defendant Sneed was subject to liability for a violation of R.C. 4301.69(B) is whether Sneed had control over the premises with the intent to have and exercise such control. To have control over a premises means to have the premises under one's dominion, management, subjection, regulation, or direction. *State v. Tabasko* (1970), 22 Ohio St.2d 36, 51 O.O.2d 64, 257 N.E.2d 744; *State v. Wiley* (M.C.1987), 36 Ohio Misc.2d 20, 521 N.E.2d 1152. Therefore, determining whether an individual has control over a premises requires a very fact-specific analysis. Depending on the facts of a case, control over a premises may be established, *inter alia*, by ownership, tenancy, residence, management, or supervision over the premises.

In this case, defendant Sneed contends that he was neither a lessee of the premises nor did he reside at the premises and therefore he did not exert such control over the premises to be deemed its occupant. The defendant clearly was not a lessee of the property. The evidence further established that defendant Sneed did not reside at the premises. "Resident" and "occupant" are not,

however, synonymous. Although a resident exercises the degree of control over the premises to establish possession, a person in possession of a property does not necessarily need to reside there. *Reeser v. Weaver Bros., Inc.* (1992), 78 Ohio App.3d 681, 605 N.E.2d 1271. Thus, control over a premises can be established by factors other than tenancy or residency. Accordingly, that defendant Sneed did not lease or reside at the premises does not resolve the issue of whether Sneed was an "occupant" of the premises in this case.

The state contends, on the other hand, that defendant Sneed was in possession of the premises because he was the person answering the door and asserting control and dominion over ingress and egress to and from the house. This role as the "gatekeeper," the state contends, is a sufficient assertion of control to establish possession of the premises and thus make the defendant an "occupant" within the meaning of R.C. 4301.69(B).

Ohio courts have held that the right to admit or exclude others from a premises may establish the degree of possession or control necessary to impose civil liability for the condition of a premises. See, *e.g., Hendrix v. Eighth & Walnut Corp.* (1982), 1 Ohio St.3d 205, 1 OBR 230, 438 N.E.2d 1149; and *Pitts v. Cincinnati Metro. Hous. Auth.* (1953), 160 Ohio St. 129, 51 O.O. 51, 113 N.E.2d 869. It would follow then that the right to admit or exclude others from a premises establishes the necessary degree of control over a premises that would expose a person to criminal liability for a violation of R.C. 4301.69(B). Therefore, whether or not defendant Sneed leased or resided at the property, he could be held to be criminally liable for a violation of R.C. 4301.69(B) if it is established beyond a reasonable doubt that he exercised the right to admit or exclude others from the premises.

The state liquor agents in this case testified that defendant Sneed was the person observed answering the door when people arrived at the premises and was, in fact, the person who allowed the undercover agents to enter. There is no evidence that defendant Sneed turned anyone at all away who came to the door, including the undercover agents. Further, it was other unidentified individuals who had the agents removed from the premises when it was suspected that they might be police officers. It was uncontroverted that defendant Sneed played no role in asking anyone to leave the premises.

By his mere presence at the home, his acquiescence in the activity taking place, and his total abdication of his adult leadership role, Sneed failed miserably in meeting his responsibilities to the students, their parents, their school, and the community. This court would find it unfathomable should the school allow defendant Sneed any continued involvement with the hockey program in any official or unofficial capacity.

However, although Sneed was the individual answering the door, the court cannot determine beyond a reasonable doubt whether the defendant was the gatekeeper exercising control over ingress or whether he just happened merely to be opening the door for anyone who arrived. That everyone who came to the door was allowed to enter, coupled with the fact that defendant Sneed played no role in removing the agents from the premises, leaves the court with reasonable doubt as to whether defendant Sneed was, in fact, exercising that degree of control over the premises that would expose him to criminal liability for a violation of R.C. 4301.69(B). Consequently, defendant Sneed was not a person in possession of the premises and, therefore, he was not its "occupant" within the meaning of R.C. 4301.69(B).

Accordingly, since the state has failed to meet its burden of proof as to an essential element of the offense charged, the defendant must be acquitted.

*Judgment for defendant.*